1  Rollin A. Ransom (SBN 196126)
   rransom@sidley.com
2  Lauren De Lilly (SBN 301503)
   ldelilly@sidley.com
3  Christina H. Strohmann (SBN 359970)
   christina.strohmann@sidley.com
4
5  SIDLEY AUSTIN LLP
   350 South Grand Avenue
6  Los Angeles, CA 90071
   Telephone: (213) 896-6000
7  Facsimile: (213) 896-6600
8
9  *Attorneys for Defendants*
   *TenThousand Projects Holdings, LLC,*
10 *Warner Music Group Corp., and*
   *Warner Music Inc.*
11
12                 UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14 | INTERNET MONEY RECORDS, LLC, a | Case No. 2:25-cv-10614 |
   | Florida limited liability company and TAZ | |
15 | TAYLOR BEATS, LLC, a Florida limited | Assigned to Hon. Otis D. Wright II |
   | liability company; | |
16 | | **DEFENDANTS TENTHOUSAND** |
   | Plaintiffs, | **PROJECTS HOLDINGS, LLC,** |
17 | | **WARNER MUSIC GROUP CORP.,** |
   | vs. | **AND WARNER MUSIC INC.'S** |
18 | | **NOTICE OF MOTION AND MOTION** |
   | TENTHOUSAND PROJECTS, LLC, a | **TO DISMISS PURSUANT TO FED. R.** |
19 | Delaware limited liability company; | **CIV. P. 12(b)(6); MEMORANDUM OF** |
   | TENTHOUSAND MUSIC PUBLISHING, | **POINTS AND AUTHORITIES IN** |
20 | LLC, a Delaware limited liability | **SUPPORT THEREOF** |
   | company; TENTHOUSAND PROJECTS | |
21 | HOLDINGS, LLC, a Delaware limited | Hearing Date:    March 16, 2026 |
   | liability company; WARNER MUSIC | Hearing Time:    1:30 p.m. |
22 | GROUP CORP, a Delaware corporation; | Place:           Courtroom 5D |
   | and WARNER MUSIC INC., a Delaware | |
23 | corporation, | Action Filed:    November 4, 2025 |
   | | |
24 | Defendants. | |
25
26
27
28

---

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 16, 2026, at 1:30 p.m., or at such other time as the Court may order, before the Honorable Otis D. Wright II, in Courtroom 5D of the United States District Court for the Central District of California, located at 350 West First Street, 5th Floor, Los Angeles, California 90012, Defendants TenThousand Projects Holdings, LLC, Warner Music Group Corp., and Warner Music Inc. (collectively, "Defendants") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing with prejudice Plaintiff Internet Money Records, LLC's ("Plaintiff") second cause of action for an accounting and third cause of action for breach of fiduciary duty against Defendants. This Motion is made on the grounds that the Complaint has failed to state a claim for an accounting or breach of fiduciary duty upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Point and Authorities attached hereto, the concurrently filed Request for Judicial Notice and the exhibits attached thereto, all pleadings and records on file in this case, and upon such matters as may be presented at or before the hearing on this Motion.

This Motion was made following a conference of counsel pursuant to Local Rule 7-3 on January 16, 2026.

Date: February 5, 2026

SIDLEY AUSTIN LLP

By: */s/ Rollin A. Ransom*
    Rollin A. Ransom
    Lauren De Lilly
    Christina H. Strohmann

*Attorneys for Defendants*
*TenThousand Projects Holdings, LLC,*
*Warner Music Group Corp., and*
*Warner Music Inc.*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

1

## TABLE OF CONTENTS

2
**Page**

3
INTRODUCTION ...................................................................................................... 6

4
FACTUAL BACKGROUND ..................................................................................... 6

5
LEGAL STANDARD ................................................................................................. 8

6
ARGUMENT ............................................................................................................... 8

7
I.     Plaintiff's Breach of Fiduciary Duty Claim Fails as a Matter of Law. ................ 8

8
II.    Plaintiff's Accounting Claim Fails As A Matter of Law. ................................. 11

9
CONCLUSION ......................................................................................................... 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................... 8

*Blatty v. Warner Bros. Ent.*,
    No. CV10-06611-SJO(VBKx), 2011 WL 13217379 (C.D. Cal. Apr.
    21, 2011) .................................................................................... 9

*City of Oakland v. SSA Terminals, LLC*,
    No. C 11-01446 RS, 2011 WL 13253463 (N.D. Cal. Nov. 9, 2011) ...................... 10

*Faulkner v. Arista Records LLC*,
    602 F. Supp. 2d 470 (S.D.N.Y. 2009) ................................................... 11

*Fleet v. Bank of Am. N.A.*,
    229 Cal. App. 4th 1403 (2014) ........................................................... 12

*Friedman v. U.S. Bank Nat'l Ass'n*,
    No. CV16-2265- ........................................................................... 11

*Karlsson v. Ewing*,
    No. CV 14-420 GAF (Ex), 2014 WL 12849924 (C.D. Cal. June 26,
    2014) ................................................................................... 9, 10

*Merritt v. JP Morgan*,
    No. 17-CV-06101-LHK, 2018 WL 1933478 (N.D. Cal. Apr. 24, 2018)............... 12

*Ponds v. Nationstar Mortgage, LLC*,
    No. CV-15-8693 ........................................................................... 11

*Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*,
    360 F. Supp. 3d 994 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th
    Cir. 2020).................................................................................. 10

*Rec'd Picture Co. v. Nelson Ent., Inc.*,
    53 Cal. App. 4th 350 (1997) .............................................................. 11

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

*Red Bull N. Am., Inc. v. KC Distrib., LLC*,
    No. 2:20-CV-08703-AB(KSx), 2021 WL 8652238 (C.D. Cal. July 28,
    2021) ............................................................................................................... 9

*Safety PPE, LLC v. Skanda Grp. of Indus. LLC*,
    No. 2:21-CV-03967-JFW-PDX, 2021 WL 6102522 (C.D. Cal. Sept.
    27, 2021) ...................................................................................................... 10

*Silvester v. Time Warner, Inc.*,
    763 N.Y.S.2d 912 (Sup. Ct. 2003), *aff'd,* 787 N.Y.S.2d 870 (App.
    Div. 2005) .................................................................................................... 11

*Steckman v. Hart Brewing Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ....................................................................... 8

*W. Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ......................................................................... 8

*Wolf v. Superior Court*,
    107 Cal. App. 4th 25 (2003) .................................................................... 9, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants TenThousand Projects Holdings, LLC, Warner Music Group Corp., and Warner Music Inc. (collectively, "Defendants") respectfully submit this memorandum of points and authorities in support of their motion to dismiss Plaintiff Internet Money Records, LLC's ("Plaintiff")[1] second cause of action for an accounting and third cause of action for breach of fiduciary duty.

## INTRODUCTION

Plaintiff does not and cannot allege a fundamental element of its breach of fiduciary duty and accounting claims—the existence of a fiduciary relationship. Throughout the Complaint, Plaintiff erroneously characterizes the parties' contract as a "joint venture label agreement," "joint venture," or "JV," in an apparent effort to manufacture a fiduciary relationship where none exists. *See* Compl. ¶¶ 33, 148. No matter how Plaintiff attempts to misconstrue the contract, its express terms dispositively confirm that there was no such relationship between the parties: "No fiduciary relationship or duty or special relationship of trust and confidence exists" and "no such relationships or duties will be deemed to be created by" the parties' "business relations." Defs.' Request for Judicial Notice ("RJN"), Ex. 2 at Ex. A ¶ 11.05. Furthermore, Plaintiff cannot demonstrate the existence of a joint venture as a matter of law because the parties did not agree to share losses, which is a requirement to form a joint venture. Absent a fiduciary relationship, Plaintiff's breach of fiduciary duty and accounting claims both fail and no amendment can remedy this deficiency. The Court should grant the Motion and dismiss Plaintiff's second and third causes of action with prejudice.

## FACTUAL BACKGROUND

In or around 2019, Plaintiff entered into a deal memo (the "Label Agreement") with Defendant TenThousand Projects, LLC ("10K") for the talent finding and

---

[1] As used herein, the term "Plaintiff" refers solely to Plaintiff Internet Money Records, LLC because the Motion concerns causes of action asserted by this plaintiff only.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

acquisition services of Danny Snodgrass, Jr. p/k/a Taz Taylor ("Snodgrass"). RJN, Ex. 1; *id.* ¶ 2; Compl. ¶ 33. Under the Label Agreement, 10K provided Plaintiff with substantial benefits, including a Profit Advance of $1,312,500, a 50/50 split of Net Profits, and funds for recording costs and overhead payments.[2] RJN, Ex. 1 ¶¶ 6-9; Compl. ¶¶ 36, 45-47. The Label Agreement does not, however, contain any loss-sharing provision making Plaintiff responsible for potential losses if the parties' relationship was unprofitable; instead, the risk of losses remained with 10K alone.

Soon after the parties entered into the Label Agreement, Snodgrass began creating and producing recorded music under the name "Internet Money." Compl. ¶ 54. Some of Snodgrass' recordings were released through 10K pursuant to the Label Agreement, even though Snodgrass was not a Label Artist under that contract. *Id.* ¶ 55. To formalize this aspect of the parties' relationship, in 2020, Plaintiff and 10K entered into Amendment No. 1 to the Exclusive Label Deal Memo (the "Artist Amendment," and together with the Label Agreement, the "Agreement"). RJN, Ex. 2; Compl. ¶¶ 57-58. In relevant part, the Artist Amendment deemed Snodgrass a Label Artist pursuant to the Label Agreement and set forth the terms of the parties' obligations, including that Snodgrass would deliver master recordings to 10K, and 10K would pay Snodgrass artist advances and royalties. RJN, Ex. 2 ¶ 1; *id.* at Ex. A ¶¶ 4, 6-7; *id.* at Ex. B-1 ¶ 7. Plaintiff and 10K also expressly agreed that there was no joint venture or other fiduciary relationship between them or with Snodgrass:

> Nothing herein contemplates or constitutes [Plaintiff] or Artist as Label's partner, joint venturer, agent or employee. No fiduciary relationship or duty or special relationship of trust and confidence exists between [Plaintiff] or Artist, on the one hand, and Label, on the other hand, and no such relationships or duties will be deemed to be created by this Artist Term Sheet or the business relations between [Plaintiff] or Artist, on the

---

[2] To the extent not otherwise defined herein, capitalized terms have the definitions and meanings attributed to them in the Agreement. *See generally* RJN Exs. 1 & 2.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

one hand, and Label, on the other hand.

RJN, Ex. 2 at Ex. A ¶ 11.05.

Disputes eventually arose between Plaintiff and 10K relating to the Agreement. As is relevant here, Plaintiff alleges that 10K took actions that reduced Plaintiff's share of Net Profits; specifically, that 10K misclassified at least $731,000 payable to Plaintiff as an improper recoupment, and also incurred "tens of millions of dollars" in unapproved Deductions. Compl. ¶¶ 87-92, 97. Plaintiff further alleges that 10K's rights and obligations under the Agreement were subsequently assigned to Defendants, that Defendants assumed the accounting and payment obligations owed to Plaintiff, and that Defendants disregarded those obligations by not allowing Plaintiff to conduct an audit into these accounting issues. *Id.* ¶¶ 99-102.

Based on the false premise that the Label Agreement constitutes a joint venture, Plaintiff has now brought claims against Defendants for, *inter alia*, an accounting (second cause of action) and breach of fiduciary duty (third cause of action). *Id.* ¶¶ 136-56. As set forth below, both claims fail as a matter of law, and the Court should dismiss them with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient facts that, if accepted as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a Rule 12(b)(6) motion, this Court can disregard unreasonable inferences, unwarranted deductions of fact, conclusory allegations, legal assertions, or facts contradicted by documents referenced in the complaint. *See Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## ARGUMENT

**I.    PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A MATTER OF LAW.**

The Complaint's third cause of action for breach of fiduciary duty fails to state

8

a claim because Plaintiff cannot allege the existence of a fiduciary relationship.

First, and dispositively, the parties expressly agreed that there was no fiduciary relationship between them. In the Artist Amendment, the parties explicitly disavowed any such relationship, agreeing that "***[n]o fiduciary relationship or duty or special relationship of trust and confidence exists*** between [Plaintiff] or Artist, on the one hand, and Label, on the other hand," and "***no such relationships or duties*** will be deemed to be created by . . . the business relations between [Plaintiff] or Artist, on the one hand, and Label, on the other hand." RJN, Ex. 2 at Ex. A ¶ 11.05 (emphasis added). Where, as here, a contract affirmatively disclaims any special relationship between the parties, no fiduciary duty exists. *See e.g.*, *Red Bull N. Am., Inc. v. KC Distrib., LLC*, No. 2:20-CV-08703-AB(KSx), 2021 WL 8652238, at *4 (C.D. Cal. July 28, 2021) (finding no fiduciary duty where agreement clearly disclaimed the creation of a fiduciary relationship); *Blatty v. Warner Bros. Ent.*, No. CV10-06611-SJO(VBKx), 2011 WL 13217379, at *9 (C.D. Cal. Apr. 21, 2011) (holding no fiduciary duty existed where contract stated the parties were not fiduciaries or joint venturers); *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 27, 38 n.5 (2003) (affirming dismissal of fiduciary duty claim and noting that "the [parties'] agreement included a provision that stated '[n]othing herein contained shall be deemed to create a third party beneficiary agreement, nor a partnership or joint venture between" the parties). Plaintiff's claim should be dismissed for this reason alone.

But even apart from this express contractual language, Plaintiff's fiduciary duty claim fails as a matter of law. The sole ostensible basis for Plaintiff's contention that 10K (and by extension, Defendants) owed it a fiduciary duty is Plaintiff's conclusory allegation that the Label Agreement was a "joint venture." Compl. ¶ 148. However, a joint venture under California law requires (among other things) "an understanding to share profits and losses." *Karlsson v. Ewing*, No. CV 14-420 GAF (Ex), 2014 WL 12849924, at *9 (C.D. Cal. June 26, 2014). Although Plaintiff alleges that it had rights to share in *profits*, *see, e.g.*, Compl. ¶¶ 43-53, 58-5, Plaintiff does *not* allege that it

9

would also share in *losses*; nor could it—the Label Agreement does not have a loss-sharing provision, *see generally* RJN, Exs. 1 & 2. Profit-sharing agreements that do not also contain a loss-sharing provision do not create a joint venture or the accompanying fiduciary relationship. *See, e.g.*, *Karlsson*, 2014 WL 12849924, at *9 (dismissing fiduciary duty claim where plaintiff failed to allege, *inter alia*, shared profits and losses for a joint venture); *Wolf*, 107 Cal. App. 4th at 27, 30–33 (dismissing fiduciary duty claim because an agreement to share profits is not inherently fiduciary in nature); *accord City of Oakland v. SSA Terminals, LLC*, No. C 11-01446 RS, 2011 WL 13253463, at *5 (N.D. Cal. Nov. 9, 2011) (granting summary judgment on breach of fiduciary duty claim arising from participation in a joint venture where plaintiff had no exposure for monetary losses); *Safety PPE, LLC v. Skanda Grp. of Indus. LLC*, No. 2:21-CV-03967-JFW-PDX, 2021 WL 6102522, at *6 (C.D. Cal. Sept. 27, 2021) (granting application for writ of attachment and rejecting existence of a joint venture in the absence of evidence showing any intent to share in any profits and losses).

Furthermore, the fact that Plaintiff stood to benefit regardless of the outcome of any purported venture further confirms that no joint venture existed. The Agreement reflects substantial benefits to Plaintiff upon execution (in the form of Advances) and in the future (in the form of shared Net Profits and royalties). RJN Ex. 1 ¶¶ 8, 9; *id.* Ex. 2 ¶¶ 3, 10; *id.* at Ex. A ¶¶ 6, 7, 9; *id.* at Ex. B-1 ¶ 7. These are exactly the type of arrangements *Wolf* characterized as ***not*** creating joint ventures. *See* 107 Cal. App. 4th at 28, 32 (a contract that included "fixed compensation upon execution of the agreement" and "a percentage of the 'net profits'" was not a joint venture); *see also Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1009 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020) (granting motion for summary judgment and explaining "[w]here one party stands to gain whether or not the venture is profitable, for example through payment of a flat fee, no joint venture is created").

Nor did the related Artist Amendment give rise to any fiduciary relationship.

10

1   That amendment deemed Snodgrass a Label Artist under the Label Agreement—*i.e.*,

2   an artist who has entered into a recording agreement with 10K. *See* RJN, Ex. 1 ¶

3   3(a)(ii); *id.* Ex. 2 ¶ 1. Case law is clear that recording agreements do not, in and of

4   themselves, create a fiduciary relationship between an artist and a record label. *See,*

5   *e.g.*, *Rec'd Picture Co. v. Nelson Ent., Inc.*, 53 Cal. App. 4th 350, 370 (1997) (noting

6   that a "typical distribution contract, negotiated at arm's length, does not create a

7   fiduciary relationship between the owner of a product and the distributor"); *accord*

8   *Faulkner v. Arista Records LLC*, 602 F. Supp. 2d 470, 481-83 (S.D.N.Y. 2009)

9   (dismissing breach of fiduciary duty claim in light of "overwhelming tide of legal

10  authority" rejecting the existence of a fiduciary relationship between recording artists

11  and record labels); *Silvester v. Time Warner, Inc.*, 763 N.Y.S.2d 912, 918 (Sup. Ct.

12  2003), *aff'd,* 787 N.Y.S.2d 870 (App. Div. 2005) ("[A]n artist's assignment of rights

13  to a record company in exchange for royalties is contractual and does not create a

14  fiduciary relationship or duty.").

15       Because Plaintiff cannot allege the existence of a fiduciary relationship, the

16  Court should dismiss Plaintiff's third cause of action.

17  **II.    PLAINTIFF'S ACCOUNTING CLAIM FAILS AS A MATTER OF LAW.**

18       Plaintiff's second cause of action for an accounting likewise fails to state a

19  claim for relief. To maintain this claim, Plaintiff must allege both a relationship that

20  could give rise to an obligation to furnish an accounting, such as a fiduciary

21  relationship, and a balance due that can be ascertained only by an accounting. *Ponds*

22  *v. Nationstar Mortgage, LLC*, No. CV-15-8693 DMG(JPRX), 2016 WL 3360675, at

23  *8 (C.D. Cal. June 3, 2016) (dismissing accounting claim). As to the first requirement,

24  for all of the reasons stated above, there was no fiduciary or other special relationship

25  between the parties. *See supra* Argument § I. The Court should dismiss Plaintiff's

26  accounting claim on that basis. *See Friedman v. U.S. Bank Nat'l Ass'n*, No. CV16-

27  2265- CAS(FFMX), 2016 WL 3226005, at *6 (C.D. Cal. June 6, 2016) (dismissing

28  accounting claim due to absence of a fiduciary relationship).

The accounting claim fails for the additional reason that Plaintiff "alleges the right to recover a sum certain or a sum that can be made certain by calculation," such that an accounting is unnecessary. *Fleet v. Bank of Am. N.A.*, 229 Cal. App. 4th 1403, 1413 (2014) (affirming dismissal of accounting claim) (internal quotations omitted); *accord Merritt v. JP Morgan*, No. 17-CV-06101-LHK, 2018 WL 1933478, at *9 (N.D. Cal. Apr. 24, 2018) ("A 'complaint does not state a cause of action for an accounting where it shows on its face that none is necessary; *i.e.*, where the plaintiff alleges a right to recover a sum certain or a sum that can be made certain by calculation.'"). Plaintiff alleges entitlement to both specific sums and amounts that can be ascertained through a known calculation, namely: (a) that the Label Agreement specifies a 50/50 split for calculating Plaintiff's Net Profits share, *see* Compl. ¶ 36; RJN, Ex. 1 at ¶ 9; (b) that Plaintiff is owed at least $731,000 from a purportedly improper classification of Net Profits, *see* Compl. ¶¶ 87-92; and (c) that Defendants improperly incurred "tens of millions of dollars in Deductions each period" that had the effect of reducing Plaintiff's share of Net Profits, *see id.* ¶ 97. An accounting is thus unnecessary, and the Court should dismiss Plaintiff's second cause of action for this reason as well.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion and dismiss with prejudice Plaintiff's second cause of action for an accounting and third cause of action for breach of fiduciary duty.

Date: February 5, 2026

SIDLEY AUSTIN LLP

By: */s/ Rollin A. Ransom*
Rollin A. Ransom
Lauren De Lilly
Christina H. Strohmann

*Attorneys for Defendants*

*TenThousand Projects Holdings, LLC, Warner Music Group Corp., and Warner Music Inc.*

## CERTIFICATION OF WORD COUNT

The undersigned, counsel of record for Defendants TenThousand Projects Holdings, LLC, Warner Music Group Corp., and Warner Music Inc., certifies that this brief contains 2,338 words, which complies with the word limit of Local Rule 11-6.1.

Dated: February 5, 2026

*/s/ Rollin A. Ransom*

Rollin A. Ransom

*Attorney for Defendants TenThousand Projects Holdings, LLC, Warner Music Group Corp., and Warner Music Inc.*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)