Sarah M. Matz (SBN 312051)
sarah@adelmanmatz.com
ADELMAN MATZ P.C.
1645 North Vine Street, Suite 809
Los Angeles, California 90028
(646) 650-2207 | Fax: (646) 650-2108
*Attorneys for Plaintiffs*
*INTERNET MONEY RECORDS, LLC and*
*TAZ TAYLOR BEATS, LLC*

Edwin F. McPherson (SBN 106084)
emcpherson@mcpherson-llp.com
Gabriel Henriquez (SBN 289007)
ghenriquez@mcpherson-llp.com
McPHERSON LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
(310) 553-8833 | Fax: (310) 553-9233
*Attorneys for Defendants*
*TENTHOUSAND PROJECTS, LLC and*
*TENTHOUSAND MUSIC PUBLISHING, LLC*

Rollin A. Ransom (SBN 196126)
rransom@sidley.com
Lauren De Lilly (SBN 301503)
ldelilly@sidley.com
Leslie A. Ridings (SBN 349465)
lridings@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
(213) 896-6000 | Fax: (213) 896-6600
*Attorneys for Defendants*
*TENTHOUSAND PROJECTS HOLDINGS LLC, WARNER MUSIC GROUP CORP., and WARNER MUSIC INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

INTERNET MONEY RECORDS, LLC, a Florida limited liability company and TAZ TAYLOR BEATS, LLC, a Florida limited liability company;

Plaintiffs,

v.

TENTHOUSAND PROJECTS, LLC, a Delaware limited liability company; TENTHOUSAND MUSIC PUBLISHING, LLC, a Delaware limited liability company; TENTHOUSAND PROJECTS HOLDINGS, LLC, a Delaware limited liability company; WARNER MUSIC GROUP CORP, a Delaware corporation; and WARNER MUSIC INC., a Delaware corporation,

Defendants.

Case No. 2:25-cv-10614-ODW(ASx)

Assigned to Hon. Otis D. Wright II
Magistrate Judge Alka Sagar

**PROTECTIVE ORDER**

Action Filed: November 4, 2025

Pursuant to Federal Rules of Civil Procedure 26(c) and 29, Plaintiffs Internet Money Records, LLC and Taz Taylor Beats, LLC ("Plaintiffs"), and Defendants TenThousand Projects, LLC, TenThousand Music Publishing, LLC, TenThousand Projects Holdings, LLC, Warner Music Group Corp., and Warner Music Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby make this Joint Motion for Stipulated Protective Order ("Stipulated Protective Order").

The parties' Stipulated Protective Order is closely modeled after Magistrate Judge Sagar's standard protective order. However, the standard protective order does not specify that the parties may designate materials as ATTORNEYS' EYES ONLY and who may receive such materials, and also invites the parties to submit as part of a stipulated protective order any agreement pursuant to Federal Rule of Evidence 502(d). The parties thus request entry of this Stipulated Protective Order (in lieu of the standard protective order) to clarify that the parties may designate materials as ATTORNEYS' EYES ONLY and to memorialize their agreement with respect to Federal Rule of Evidence 502(d).

WHEREFORE, for these reasons, the parties respectfully request that the Court adopt and enter the Stipulated Protective Order set forth herein.

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to grant the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve sensitive business, commercial, financial, technical and/or proprietary information, including without limitation royalty statements, accounting records, audit materials, artist and producer agreements, revenue and expense information, source files, and other confidential business information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a

confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: *Internet Money Records, LLC, et al. v. TenThousand Projects, LLC, et al.*, Case No. 2:25-cv-10614-ODW(ASx).

2.2 "ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained), documents, or other materials or tangible things labeled as ATTORNEYS' EYES ONLY upon the Designating Party's good faith belief that the information, documents, or other materials contain non-public sensitive technical, business, financial, competitive, or proprietary information, or any other CONFIDENTIAL Information or Items that the Designating Party reasonably and in good faith believes would likely cause significant harm to the Designating Party's competitive position and/or cause serious financial or other injury if disclosed to anyone other than those included in section 7.3, and that such risk cannot be avoided by less restrictive means.

2.3 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained), documents, or other materials or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5 Counsel: Outside Counsel and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, documents and other tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel: attorneys who are not employees of a party to this Action, but have been retained to represent or advise a Party to this Action or are affiliated with a law firm that has been retained to represent or advise a Party to this Action, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, House Counsel, consultants, retained experts, and Outside Counsel (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing

exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 Order: this Stipulated Protective Order.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Once this Action proceeds to trial, all of the information that was designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or that was maintained pursuant to this Order, used or introduced at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, except as set forth in the section 13 below, the protections of this Order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIALITY legends") to

each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed “ATTORNEYS’ EYES ONLY.” After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIALITY legends as appropriate to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identifies particular testimony as “CONFIDENTIAL” or “ATTORNEYS’ EYES ONLY” on the record, before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend “CONFIDENTIAL” or “ATTORNEYS’ EYES ONLY.” If only a portion or portions of the information qualifies for protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" designation at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties and Non-Parties (as applicable) will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel and House Counsel, who are acting in a legal capacity and are actively engaged in the Action, as well as the paralegal, clerical, and secretarial staff employed by such Counsel to whom disclosure is reasonably necessary for this Action;

(b) the officers, directors, members, agents and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, videographers and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness and attorney (unless Counsel for a Party) sign, and they do sign, the Acknowledgment and Agreement to Be Bound (Exhibit A); and (2) they

will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by all of the Parties engaged in settlement discussions.

7.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to those individuals identified in section 7.2(a), (c)–(g), and (i).

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, discovery demand or court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena, discovery demand or court order;

(b) promptly notify in writing the party who caused the subpoena, discovery demand or order to issue in the other litigation that some or all of the material covered by the subpoena, discovery demand or order is subject to this Protective Order. Such notification will include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or other restriction on disclosure in the other litigation, the Party served with the subpoena, discovery demand or court order will not produce any information designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court in the other litigation, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid subpoena, discovery demand or court order, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with the Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery demand(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order or other restriction on disclosure from the Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the subpoena, discovery demand or court order. If the Non-Party timely seeks a protective order or other restriction on disclosure, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material that were disclosed in contravention of this Order, (c) provide the person or persons to whom the unauthorized disclosures were made with a copy of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Whether inadvertent or otherwise, the disclosure of any information, documents, or other materials that are subject to protection from disclosure based on the attorney-client privilege or work-product protection will not be deemed to waive a Party's claim of attorney-client privilege or work-product protection and will not

estop that Party or the holder of such protection from designating the information or documents as attorney-client privileged or subject to work-product protection at a later date. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d).

If a Producing Party inadvertently discloses information, documents, or other materials that it believes are subject to a claim of attorney-client privilege or work-product protection, the Producing Party may give prompt written notice to the Receiving Party that the information, documents, or other materials are subject to a claim of attorney-client privilege or work-product protection and may request that such information, documents or other materials be returned to the Producing Party. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), upon notice, regardless of whether the Receiving Party agrees with the claim of privilege or work-product protection, the Receiving Party must: (a) promptly return the information, documents or other materials at issue; (b) not use or disclose the information, documents or other materials until the matter is resolved; and (c) take reasonable steps to retrieve the information, documents or other materials if the Receiving Party further disclosed them. The Receiving Party may also present the information, documents or other materials to the Court under seal for a determination of the asserted claim of privilege or protection.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4 Effect of Stipulation. Upon execution by counsel for all Parties, this Order shall be effective and binding as a stipulation among the Parties pending the Court's entry of a final Order. Thereafter, the Parties shall comply with the final Order ultimately entered by the Court.

13. FINAL DISPOSITION

After the final disposition of this Action (including the exhaustion of all rights of appeal), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the expiration of the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if

such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION).

14. VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

ADELMAN MATZ P.C.

DATED: October 30, 2026____

*/s/ Sarah M. Matz*________________
Sarah M. Matz

*Attorneys for Plaintiffs*

SIDLEY AUSTIN LLP

DATED: October 30, 2026____

*/s/ Lauren M. De Lilly*______________
Rollin A. Ransom
Lauren M. De Lilly
Leslie A. Ridings

*Attorneys for Defendants TenThousand Projects Holdings LLC, Warner Music Group Corp., and Warner Music Inc.*

MCPHERSON LLP

DATED: October 30, 2026____

*/s/ Edwin F. McPherson*____________
Edwin F. McPherson
Gabriel Henriquez

*Attorneys for Defendants TenThousand Projects, LLC and TenThousand Music Publishing, LLC*

ROSENBERG, GIGER & PERALA, P.C.

DATED: October 30, 2026____

*John J. Rosenberg*_______________
John J. Rosenberg (admitted *pro hac vice*)
Brett T. Perala (admitted *pro hac vice*)

*Attorneys for Defendants TenThousand Projects, LLC and TenThousand Music Publishing, LLC*

FOR GOOD CAUSE SHOWN, THE JOINT MOTION FOR STIPULATED PROTECTIVE ORDER IS GRANTED AND IT IS SO ORDERED.

DATED: November 2, 2026

/ s / Sagar
HON. ALKA SAGAR
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ___________________________ [**full name**], of ________________________ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Internet Money Records, LLC, et al. v. TenThousand Projects, LLC, et al.*, Case No. 2:25-cv-10614-ODW(ASx) (the "Order"). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ____________________________ [**full name**] of ______________________________________ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Date: _________________________________________

City and State where signed: ___________________________________

Printed name: __________________________________

Signature: _____________________________________